**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Juan De Dios Armenta Soto,<br>             Petitioner,<br>v.<br>Kristi Noem, et al.,<br>             Respondents. | No. CV-25-04178-PHX-MTL (MTM)<br>**ORDER** |

Petitioner filed an Amended Petition for Writ of Habeas Corpus under § 2241 challenging his immigration detention.[1] (Doc. 11.) Petitioner also filed an Emergency Motion for Preliminary Injunction. (Doc. 2.) The Court ordered expedited briefing of the Petition and Motion for Preliminary Injunction. (Doc. 7.) The Amended Petition and Motion are fully briefed. (Docs. 16-17.) For the reasons that follow, the Amended Petition is granted, and Respondents must either release Petitioner from custody or provide a bond hearing within ten days.

**I.     Background**

Petitioner was born in Mexico in 1964. (Doc. 16, Ex. A, Michie Decl. ¶ 3), Following several voluntary removals from the United States, Petitioner reentered the United States in 2008. (*Id.* ¶¶ 4-7; Doc. 11 ¶ 43.) He was encountered by Border Patrol on August 5, 2019, taken into custody, and issued a Notice to Appear. (*Id.* ¶ 44.) On August 22, 2019, Petitioner was released from immigration custody on a $5,000 bond. (*Id.*)

---

[1] Petitioner's Amended Petition is substantively identical to his original Petition except that it names two previously unidentified John Doe Respondents.

1   His removal proceedings were ultimately dismissed due to issuance of Military Parole in
2   Place. (*Id.*) Immigrations and Customs Enforcement encountered Petitioner and arrested
3   him on September 19, 2025. (*Id.* ¶ 47.) ICE issued a Notice to Appear charging Petitioner
4   with inadmissibility under 8 U.S.C. § 1182(a)(6)(A)(i) and 8 U.S.C. § 1182(a)(7)(A)(i)(I).
5   (*Id.* ¶ 48.)

6       Petitioner requested custody redetermination, which was denied on November 4,
7   2025. (*Id.* ¶ 50.) The Immigration Judge denied the request on the basis that he lacked
8   jurisdiction to grant Petitioner bond because the Department of Homeland Security (DHS)
9   classified him as being detained under § 1225(b)(2)(A) and therefore subject to mandatory
10  detention. (*See id.*) The Immigration Judge's ruling follows a recent Board of Immigration
11  Appeals decision in *In Re Hurtado*, 29 I&N 216 (B.I.A. 2025). Under *In Re Hurtado*,
12  noncitizens present without admission are now subject to mandatory detention under 8
13  U.S.C. § 1225(b), rather than discretionary detention under 8 U.S.C. § 1226(a), because,
14  under 8 U.S.C. § 1225(a)(1), they are now deemed "applicant[s] for admission."

15      Petitioner alleges his detention violates his due process rights and 8 U.S.C.
16  § 1225(b)(2)(A), which does not apply to all individuals residing in the United States who
17  entered the country without being admitted. Petitioner further argues the Immigration
18  Judge's bond decision violates 8 C.F.R. §§ 1236.1(d)(1) and 1003.19. He seeks a bond
19  hearing or release and an order declaring no statute or regulation prohibits an immigration
20  judge from holding a custody redetermination hearing for Petitioner and that his detention
21  is authorized under 8 U.S.C. § 1226(a).

22  **II.    Analysis—Interpretation of 8 U.S.C. § 1225 and 8 U.S.C. § 1226**

23      Respondents state they "are aware of a prior decision in this District rejecting
24  Respondents' position, *see Echevarria v. Bondi*, et al., No. 2:25-cv-03252-PHX-DWL,
25  2025 WL 2821282 (D. Ariz. Oct. 3, 2025), but respectfully maintain that Petitioner falls
26  within the definition of an 'arriving alien' warranting mandatory detention as the removal
27  process unfolds. Respondents also respectfully maintain that an alien is an 'applicant for
28  admission' until an immigration official has inspected that person and determined that he

or she is admissible into the United States." (Doc. 16 at 8.)

Among other things, Respondents contend that *Echevarria* did not "consider other pieces of statutory context." (*Id.*)  The Court respectfully disagrees, as *Echevarria* contains an extensive discussion of the statutory context. *Echevarria*, 2025 WL 2821282 at *5 ("Although [Respondents'] approach has surface appeal, the Court perceives at least two problems with it: first, it ignores some of the additional requirements imposed by § 1225(b)(2)(A); and second, it fails to account for the broader statutory scheme, particularly in light of how that broader scheme has been interpreted by the Supreme Court."); *id.* at *7 ("Putting aside these textual problems with Respondents' position, Respondents' narrow focus on § 1225(a)(1) also ignores the complexities of interpreting the INA, a dense statute . . . which must be interpreted against the backdrop of our constitutional principles, administrative law, and international treaty obligations.  Divining its meaning is ordinarily not for the faint of heart.  To that end, in determining whether Congress has specifically addressed the question at issue, the court should not confine itself to examining a particular statutory provision in isolation.  Rather, it must place the provision in context, interpreting the statute to create a symmetrical and coherent regulatory scheme.") (cleaned up).  Nothing in Respondents' brief persuades the Court that this analysis was mistaken.

The Court is aware of several decisions adopting Respondents' argument. *Valencia v. Chestnut*, 2025 WL 3205133 (E.D. Cal. Nov. 17, 2025); *Alonzo v. Noem*, 2025 WL 3208284 (E.D. Cal. Nov. 17, 2025); *Mejia Olalde v. Noem*, 2025 WL 3131942 (E.D. Mo. Nov. 10, 2025); *Sandoval v. Acuna*, 2025 WL 3048926 (W.D. La. Oct. 31, 2025); *Rojas v. Olson*, 2025 WL 3033967 (E.D. Wisc. Oct. 30, 2025); *Garibay-Robledo v. Noem*, No. 1:25-CV-177-H, Doc. 9 (N.D. Tex. Oct. 24, 2025); *Vargas Lopez v. Trump*, 2025 WL 2780351 (D. Neb. Sept. 30, 2025), *Chavez v. Noem*, 2025 WL 2730228 (S.D. Cal. Sept. 24, 2025); *Pipa-Aquise v. Bondi*, No. 25-1094, 2025 WL 2490657 (E.D. Va. Aug. 5, 2025); *Pena v. Hyde*, No. 25-11983, 2025 WL 2108913 (D. Mass. July 28, 2025).  But it is unsurprising that judges across the country are not in full agreement on how this issue

should be resolved.  It is also fair to note that Respondents' view represents the minority position—in the weeks since Judge Lanza considered the issue in *Echevarria*, dozens of other courts have reached the same conclusion.  *See, e.g., Quinapanta v. Bondi*, 2025 WL 3157867, *6 (W.D. Wisc. Nov. 12, 2025) ("[M]ore than 45 district courts have now rejected similar arguments made by respondents here and ordered bond hearings for noncitizens who, like petitioner, were apprehended within the United States years after entering without admission or inspection unless implicated by any criminal activity covered by § 1226(c).  These decisions, along with a growing number of others now including this court have concluded that the statutory text, the statute's history, Congressional intent, and § 1226(a)'s application for the past three decades support its application to noncitizens in petitioner's position.") (cleaned up).  Having reviewed the recent decisions adopting the minority view, the Court agrees with the conclusion reached by Judge Lanza in *Echevarria*.  For these reasons, the Petition is granted as to Counts One and Three of the Amended Petition, and Petitioner must receive a bond hearing under 8 U.S.C. § 1226(a).[2]

…

---

[2] Because the Court grants relief as to Counts One and Three, it will deny the remainder of the Petition as moot.

**IT IS ORDERED:**

1. Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **granted as to Petitioner's Fifth Claim for Relief**. The remainder of the Petition is denied as moot.
2. Respondents must provide Petitioner a bond redetermination hearing within **ten days** or release him from custody under the same conditions that existed before his detention.
3. Respondents must provide a notice of compliance within **three days** of releasing Petitioner or providing him a bond hearing.
4. All remaining motions are denied as moot.
5. The Clerk of Court shall enter judgment in Petitioner's favor and close this case.

Dated this 26th day of November, 2025.

_Michael T. Liburdi_
Michael T. Liburdi
United States District Judge